UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA HERNANDEZ RODRIGUEZ, personally and on behalf of her minor daughter, ALONDRA ROMAN HERNANDEZ<br><br>    Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO AND THE DEPARTMENT OF EDUCATION<br>    Defendants. | CIV. NO. 10-1645 (PG) |

**OPINION AND ORDER**

      Rosa Hernandez Rodriguez brought suit personally and on behalf of her minor daughter Alondra Roman Hernandez ("Plaintiffs") against the Commonwealth of Puerto Rico and the Puerto Rico Department of Education ("Defendants") pursuant to the Individuals with Disabilities Act ("IDEA"). 20 U.S.C. § 1415(i)(3)(b). Before the Court stands Plaintiffs' motion requesting attorney's fees incurred during administrative proceedings and litigation before this Court (Docket No. 1 and 18), as well as Defendants' opposition (Docket No. 24) and Plaintiffs' reply memorandum (Docket No. 25). The Court is asked to determine the adequate amount that should be awarded to Plaintiffs' attorney. For the reasons explained below, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Plaintiffs' complaint was filed on July 12, 2010 (Docket No. 1). Prior to said date, Plaintiffs' attorney had expended considerable effort in assisting Plaintiffs through the administrative process. Plaintiffs' motion for attorney's fees includes a breakdown of the time spent working on the case and requests that the Court award $18,715.20 in attorney's fees, costs, and expenses (Docket No. 25). In contrast, Defendants argue that the amount solicited by Plaintiffs is excessive and have asked the Court to adjust the submitted invoices. Defendants argue that Plaintiffs' invoices should be adjusted because: (1) the rate listed by Plaintiffs in the amount of $135.00 per hour is greater than the prevailing rate in the community for similar services; (2) Plaintiffs' utilize inconsistent time-entries related to the drafting and revision of emails; (3) Plaintiffs' have requested compensation for IEP Team meetings, which the IDEA disallows; (4) Plaintiffs' have requested remuneration for conciliation meetings not permitted by the IDEA; (5) Plaintiffs' seek compensation for services related to meetings with the Ombudsman of People with Disabilities, which are prohibited by IDEA; (6) Plaintiffs' submitted invoice includes a charge of 3.5 hours for attending the Status Conference meeting on October 12, 2010, which lasted less than one hour; and (7) Plaintiffs' have requested an excessive amount of copying costs at $.15 per copy (Docket No. 24). As a result, Defendants posit that Plaintiffs are only entitled to $12,700.80 in attorney's fees and costs.

Lastly, Plaintiffs have further requested the award of fees and costs for the continuing litigation of the fee dispute (Docket No. 25).

## II. DISCUSSION

As has already been stated, the parties disagree as to a wide array of time-entries presented in Plaintiffs' request for attorney's fees. The parties agree that the IDEA provides for the payment of attorney's fees incurred in cases brought pursuant to this statute. 20 U.S.C.A. § 1415(i)(3)(B). Section 1415 states that the Court "in its discretion may award reasonable attorney's fees as part of the costs..." 20 U.S.C.A. § 1415(i)(3)(B)(i). Costs may be awarded "to a

prevailing party who is the parent of a child with a disability." 20 U.S.C.A. § 1415(i)(3)(B)(i)(I).  However, Defendants argue that Plaintiffs' request for attorney's fees exceeds the limits imposed by 20 U.S.C.A. § 1415(i)(3)(C)and (D), which limit the attorney's fees that may be awarded under the IDEA.

**A. Prevailing Community Rate**

    The IDEA provides that the parent or guardian of a child who is the prevailing party may recover reasonable attorney's fees at the court's discretion. 20 U.S.C.A. § 1415(i)(3)(B)(i)(I).  The statute further specifies that fees awarded by the court shall be based on the prevailing rates in the community in which the action arose for the kind of quality services furnished. 20 U.S.C.A. § 1415(i)(3)(C).  The IDEA states that "[n]o bonus or multiplier may be used in calculating the fees awarded under this subsection." Id.  Moreover, the amount of attorney's fees may be reduced if it "unreasonably exceeds the hourly rate prevailing in the community for simlar services by attorneys of reasonably comparable skill, reputation and experience." 20 U.S.C.A. § 1415(i)(3)(F)(ii).
    20 U.S.C.A. § 1415 provides a fee-shifting standard comparable to its Civil Rights Act counterpart, 42 U.S.C. § 1988(b). Doe v. Boston Pub. Sch., 358 F.3d 20, 27 (1st Cir. 2004); Maine Sch. Adm. Dist. No. 35 v. Mr. R, 321 F.3d 9, 14 (1st Cir. 2003).  In order to determine if the fee-shifting provision is applicable, the Court must first examine if the party seeking relief is a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598 (2001); Boston Pub. Sch., 358 F.3d at 29-30 (stating that Buckhannon's fee-shifting provisions applies to the IDEA).  The Buckhannon standard states that a party will be considered a prevailing party when: (1)there is a material alteration of the legal relationship between the parties and (2)there exists a judicial imprimatur on the change. Santiago v. Puerto Rico, No. 08-1832, 2010 U.S. Dist. LEXIS 89720, at *5 (D.P.R. Aug. 26, 2010) (citing Buckhannon 532 U.S. at 604-605; Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22 (1st Cir. 2005)).
    In the instant case, Plaintiffs' meet the prevailing party requirement.  A plaintiff will be considered a prevailing party if he

succeeds on any significant issue in litigation that achieves some of the benefit the party sought by bringing his suit. Farrar v. Hobby, 506 U.S. 103, 113 (1992) ("A judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiffs' benefit by forcing the defendant to pay an amount of money he otherwise would not pay."); De Jesus Nazario v. Rodriguez, 554 F.3d 196, 6-7 (1st Cir. 2009); Boston Children First v. City of Boston, 395 F.3d 10, 14-15 (1st Cir. 2005). In the instant case, Defendants had to provide requested services and reimbursements to Plaintiffs, cementing Plaintiffs' status as a prevailing party. Moreover, Plaintiffs only received the relief sought by pursuing relief in administrative proceedings and eventually before this Court, thereby providing the necessary judicial imprimatur. As a result, Plaintiffs are entitled to receive reasonable attorney's fees under the IDEA.

"The prevailing party requirement is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is reasonable." Comm'r, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 161 (1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))(internal citations omitted). Thus, in a fee-shifting case such as this one, the Court must determine the adequate fee. The law of our Circuit states that the court usually determines "the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours productively expended by counsel times a reasonable hourly rate." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). Additionally, "one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). "The court then applies counsel's hourly rates to the constituent tasks." Santiago, No. 08-1832, 2010 U.S. Dist. LEXIS 89720, at *7. As has already been stated, the IDEA specifies that the fees awarded should be based on the prevailing community rates in the community where the action arose for the quality of services furnished. 20 U.S.C. § 1415(i)(3)(C); Lipsett, 975 F.2d at 937. The burden falls on the prevailing party to submit evidence justifying the fee request. Santiago, No. 08-1832, 2010 U.S. Dist. LEXIS 89720, at *7 (citing González v. P.R. Dep't. of

Edu., 1 F. Supp. 2d 111, 114 (D.P.R. 1998))(citations omitted).

Plaintiffs have submitted invoices containing attorney's hourly rate along with an outline of the time spent per task in pursuit of the claim (Docket No. 1, 18 and 25). Defendants object to the proposed hourly rate, as well as several specific time-entries. More specifically, Defendants contend that Plaintiffs' rate should be calculated at the amount of $125.00 per hour instead of the requested $135.00 per hour (Docket No. 24).

Plaintiffs aver that the requested rate of $135.00 per hour has been approved by our sister courts. Lopez-Lamboy v. Commonwealth of Puerto Rico, Civil No. 10-1316 Docket No. 15. In contrast, Defendants allege that the rate of $125.00 per hour has been established as the prevailing community rate. Lydia-Vélez v. Socorro-Lacot, 2007 WL 4270696 (P.R. Cir. Oct. 16, 2007). The Lydia-Vélez case concerned a class-action IDEA suit in which the Puerto Rico Court of Appeals established the award of attorney's fees at $125.00 per hour by referencing the rates that local government agencies should pay outside legal contractors.[1] Cuadrado-Ramos, ex rel. Cuadrado v. Commonwealth of Puerto Rico, No. 09-1369, 2010 D.P.R. WL 1416016 at *1 (D.P.R. March 31, 2010). Defendants vehemently argue that this case establishes the prevailing rate in this market and as a result the Court should adjust Attorney Francisco J. Vizcarrondo-Torres' hourly rate to $125.00 per hour. The Court cannot agree with Defendants' contention.

Defendants have failed to submit a translated version of the Lydia-Vélez case, which precludes its consideration.[2] There exist two additional reasons as to why the Court finds Defendants' argument unconvincing: (1)in Lydia-Vélez the court relied upon a 1993 Circular

---

[1] The Lydia-Velez case is not translated and Defendants have failed to submit a translated version of the case. However, the case is sufficiently discussed in other cases handled by our sister courts as to merit an explication of Defendants' argument and the reasons why this Court finds that it does not establish the prevailing market rate in this case.

[2] Local Rule 5(g) states: "All documents not in the English language that are presented or filed, whether as evidence or otherwise must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts. Certification by a federally-certified interpreter may be waived upon stipulation by all parties." LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO, LOCAL RULE 5(G) (2010). Thus, untranslated documents may not be accepted by the Court.

CIV. NO. 10-1645 (PG)                                                    Page 6

Memorandum from the Governor's Offices that is nearly two decades old and (2) under the IDEA we are to determine the prevailing rate by reference to same kind and quality of services furnished according to 20 U.S.C.A. § 1415(i)(3)(c), but Lydia-Velez concerns attorney's fees for cases litigated before the courts of Puerto Rico and litigating in federal court requires a different skill set and in many cases the passage of a separate federal bar. See Cuadrado-Ramos, ex rel. Cuadrado v. Commonwealth of Puerto Rico, No. 09-1369, 2010 D.P.R. WL 1416016 at *1 (D.P.R. March 31, 2010). Therefore, the Court remains unconvinced by Defendants' argument that the prevailing rate for attorneys practicing before the courts of Puerto Rico should determine the rate for attorneys practicing in the federal fora, and that the rates that Puerto Rico is willing to pay outside contractors for legal representation should determine the rate for litigating IDEA claims in federal court.

   Defendants allege that Plaintiffs have not properly presented evidence that justifies the proposed fee award. In other words, Defendants posit that Plaintiffs have failed to provide the Court with information about the rates of other attorneys in the relevant community for similar services (Docket No. 24). However, the Court finds that Plaintiffs have successfully met their burden by citing to relevant cases where similar or higher rates have been approved. Juan Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). Thus, based on Attorney Francisco J. Vizcarrondo-Torres' expertise and experience (Docket No. 25) the rate of $135.00 per hour is found to be appropriate.

   Defendants further assert that Plaintiffs failed to adequately provide a detailed description of the work being performed and other charges accrued (Docket No. 24). However, Defendants merely express that Plaintiffs have failed to meet their burden without clearly explaining how the descriptions included in the invoice are deficient. The Court has reviewed Plaintiffs' itemization of attorney's work, costs, and expenses and finds that Plaintiffs' have sufficiently met their burden in justifying the $135.00 per hour fee. In light of the relevant facts, the Court finds no reason to adjust Attorney Francisco J. Vizcarrondo-Torres' rate of $135.00 per hour. As a result, the

CIV. NO. 10-1645 (PG)                                                        Page 7

Court **GRANTS** Plaintiffs' petition and accepts the rate of $135.00 per hour.

**B. Inconsistent use of time-units**

Defendants also contest the reasonableness of Plaintiffs' attorney's fees. "Normally in fee-shifting cases, the court should determine fees by multiplying the hours productively expended by a reasonable hourly rate." González v. Puerto Rico Dept. of Ed., 1 F.Supp. 2d 111, 114 (D.P.R. 1998)(citing Lipsett, 975 F.2d at 937 (1st Cir. 1992)). Unnecessary or redundant hours may be excluded by the court in its adjusting of figures. Id. (referencing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court may also consider the time and labor required; the novelty and difficulty of the legal issues; the skill and experience of the attorney; the customary fee; the amount involved and the results obtained; and awards in comparable cases. Id.(citing Hensley, 461 U.S. at 430 n. 3.; Angela L. v. Pasadena Independent School District, 918 F.2d 1188, 1197 (5th Cir.1990)).

Defendants specifically challenge inconsistencies in Plaintiffs' use of time-units related to time spent reviewing and drafting emails. Defendants allege that the time-units utilized in the invoice are stated in .10 increments and that they merit adjustment. Defendants propose that the Court reduce the entries related to the review and drafting of emails by a total of 4.5 hours. In other words, Defendants seek to adjust all invoice entries related to drafting or reviewing emails to .10 per hour.

After consideration of Defendants' rather convoluted argument, the Court cannot agree with their petition. The invoices presented to the Court (Docket No. 1, 18 and 25) are configured so that the client is billed every six minutes or .10 of an hour. This means that the client is charged $13.50 for every six minutes of work expended at the $135.00 per hour rate. A time-unit of .30 is not equivalent to 30 minutes of work as Defendants suggest, but rather to 18 minutes. A reduction in the time expended in relation to reading and drafting emails to .10 of an hour would be tantamount to compensating Plaintiffs' attorney for only six minutes of work, which the Court finds excessive. Furthermore, the overwhelming majority of the

CIV. NO. 10-1645 (PG) Page 8

disputed email related charges amount to 12 minutes of work, a reasonable amount of time to draft an email. The Court agrees with Plaintiffs' statement that "[n]o serious attorney can claim to be able to write and edit every email sent to a client or other counsel in six minutes or less." (Docket No. 25).

Defendants further allege that Plaintiffs have not met their burden of proof in providing a detailed description of the work being charged and other costs accrued. The party soliciting an award of attorney's fees "must justify [his] claim by submitting detailed time records." Miller v. San Mateo-Foster City Unified School Dist., 318 F.Supp.2d 851, 865 (N.D.Cal. 2004). The First Circuit has clearly laid out the documentary preconditions to fee awards as requiring a "full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991)(internal citations omitted). The First Circuit has further stated that "if time records are too generic then the lack of specificity can as a practical matter make it too difficult to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).

Although Defendants once again argue that Plaintiffs have not met their burden, it is unclear to the Court how exactly the submitted time-sheets are defective. After again reviewing the submitted invoices, the Court concludes that they are sufficiently detailed as to meet Plaintiffs' burden.

The Court **GRANTS** Plaintiffs' request for attorney's fees and finds it unnecessary to adjust the disputed email entries.

**C. IEP Team Costs**

The IDEA prohibits awarding attorney's fees and costs "to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or at the discretion of the State, for a mediation described in subsection (e) of this section." 20 U.S.C.A. § 1415(i)(3)(D)(ii). The IDEA further states

that "a meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph." 20 U.S.C.A. § 1415(i)(3)(D)(iii).

   Defendants request that the Court deduct a total of four hours from Plaintiffs' invoice for services related to IEP Team meetings (Docket No. 24).  However, the disputed time-entries included in Defendants' motion account for only 3.2 hours.  Plaintiffs posit that the hours in dispute were not billed as part of an administrative or judicial proceeding, but rather that the entries relate to counsel provided to Plaintiffs and as such should be included in the fee award (Docket No. 25).  The Court is inclined to agree with Defendants on this point. The time spent preparing for and attending special education IEP team meetings is not recoverable. Mr. C v. MSAD 6, No. 6-198, 2008 WL 2609362 at *1 (D.Me. June 25, 2008).  Moreover, the statute clearly states that fees may not be awarded "relating" to any IEP Team Meeting. 20 U.S.C.A. § 1415(i)(3)(D)(ii).  The submitted invoices sufficiently state that the disputed IEP entries were held in either preparation or in relation to IEP Team Meetings, which the Court finds sufficient to deny payment.  Thus, the Court concludes that Plaintiffs' attorney's fees should be adjusted and 3.2 hours should be deducted from the solicited award.

   As a result of the foregoing, the Court **DENIES** Plaintiffs' petition for attorney's fees for these entries and reduces the fee award by $432.00.

**D. Time-entries related to conciliation meetings**

   Defendants have also challenged a number of time-entries for services related to conciliation meetings that took place from February 16, 2010 until May 10, 2010 (Docket No. 24).  Defendants argue that Plaintiffs' invoice should be reduced by a total of 14.5 hours.  Plaintiffs have conceded that three of the disputed time-entries representing 10.5 hours of work and a total amount of $1,417.50 should be subtracted from the submitted invoice.  However, Plaintiffs posit that the remaining disputed time-entries that relate

CIV. NO. 10-1645 (PG)                                                    Page 10

to the conciliation meetings should not be subtracted from the fee award (Docket No. 25).  Plaintiffs argue that while the IDEA restricts payment of attorney's fees for attendance to conciliation meetings, it does not limit payment for reviewing documents, communications with client and/or personnel in regard to such meetings and filing motions in the administrative forum.  In essence, the parties are disputing whether the Court should grant the award of fees for activities related to the conciliation meeting.

The IDEA prohibits awarding attorney's fees "to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or at the discretion of the State, for a mediation described in subsection (e)." 20 U.S.C.A. § 1415(i)(3)(D)(ii).  Moreover, the IDEA states that "a meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph". Id. § 1415(i)(3)(D)(iii).  The statute mandates that "... the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the fact identified in the complaint." Id. § 1415 (f)(1)(B)(i).

The Court is inclined to deny the award of related costs to the conciliation meeting in light of the wording of the statute, which in its general provision discourages the awarding of attorney's fees and related costs. 20 U.S.C.A. § 1415(i)(3)(D)(i).  Further, the Court agrees with the conclusion of sister courts that a plaintiff may not be awarded fees associated or related to resolution sessions. J.Y. v. Seattle School Dist. No. 1, No. C07-1226, 2007 WL 4111202 at *7 (W.D.Wash. Nov. 16, 2007).

Therefore, the Court finds that all entries related to the conciliation meetings should not be included in the fee award.  As a result of the foregoing, the Court **DENIES** Plaintiffs' petition and concludes that the fee award should be reduced by $1,957.50.

**E. Time-entries related to meetings with the Office of the Ombudsman of the People.**

Defendants object to Plaintiffs' request for fees relating to meetings with the Office of the Ombudsman of the People ("Ombudsman"). Plaintiffs allege that Defendants have not cited any relevant caselaw that would justify the adjustment of payment for these meetings. The Court agrees with Plaintiffs' assertion.

The Court finds no reason to deny Plaintiffs' the attorney's fees involved in counseling a student with disabilities in dealing with the Ombudsman. Moreover, the Court understands that the disputed time-entries are unrelated to the conciliation meetings or the IEP team meetings discussed in the previous sections.

The Court finds that Plaintiffs are entitled to attorney's fees for 1.9 hours. As a result of the foregoing, the Court **GRANTS** Plaintiffs' petition and finds no need to reduce time-entries related to meetings with the Ombudsman.

**F. Status Conference Charge**

Defendants request that the Court adjust Plaintiffs' charge of 3.5 hours for attending the Status Conference held on October 12, 2010. According to the time-stamp on the minutes taken by the Courtroom Deputy, the Status Conference lasted less than one hour. However, Plaintiff's counsel seeks to charge 3.5 hours for his attendance.

The Court agrees with Defendants' contention that the entry regarding the Status Conference should be reduced to one hour, which represents a deduction of $337.50 from the total amount in the invoice.

Therefore, the Court **DENIES** Plaintiffs' request for payment for 3.5 hours of work for the Status Conference held on October 12, 2010 and reduces this time-entry to one hour.

**G. Cost of Copies**

Defendants have further alleged that Plaintiffs are seeking excessive compensation for the cost of copies. Defendants argue that the Court only allows a charge of $.10 per copy and that Plaintiff seeks to charge $.15 per copy. However, the Taxation of Costs

CIV. NO. 10-1645 (PG)                                              Page 12

Guideline, as amended in 2009, clearly states that charges of $.15 per copy are permissible. UNITED STATES DISTRICT COURT OF PUERTO RICO, TAXATION OF COSTS GUIDELINES (2009). Defendants have not advanced any argument as to why the Court should deny the cost of copies as submitted in Plaintiffs' invoices. As a result, the Court cannot find any reason to adjust these entries.

The Court **GRANTS** Plaintiffs' request for copying costs in the amount of $.15 per copy.

**H. Continuing Legal Costs**

Plaintiffs request that the Court take into account the fees and costs incurred in the continuing litigation of the attorney fee dispute. The Supreme Court stated that a civil action may have numerous phases and that a fee-shifting statute generally favors treating a case as an inclusive whole rather than via an atomized line item approach. Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990)(citations omitted). Moreover, courts have consistently allowed the awarding of fees for the time spent litigating reasonable fee issues. See Prandini v. Nat'l Tea Co., 585 F.2d 47, 53-54 (3d Cir. 1978) (citing Souza v. Southworth, 564 F.2d 609 (1st Cir. 1977); Panior v. Iberville Parish Sch. Bd., 543 F.2d 1117 (5th Cir. 1976); Hairston v. R & R Apartments, 510 F.2d 1090 (7th Cir. 1975); Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972)). Therefore, the Court will not exclude time spent litigating the attorney's fee issue. Plaintiffs attached a detailed invoice for the legal fees accrued since filing their motion requesting attorney's fees on October 15, 2010 (Docket No. 25). Said invoice includes time-entries related to both the fee dispute and continuing communications between Plaintiffs and their counsel, as well as communications between Plaintiffs' counsel and the Department of Education. In reviewing legal bills under a fee-shifting statute, the Court must subtract "unproductive, excessive or otherwise unnecessary time." Lipsett, 975 F.2d at 937 (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d at 950). The Court has carefully reviewed the final invoice and reduced the following:

CIV. NO. 10-1645 (PG)                                                    Page 13

> *1. Entry for 10/25/2010 stating .20 hours in reviewing defendants motion requesting order to clarify minutes*

Plaintiffs' counsel states that he spent .20 hours reviewing a simple motion asking that the Court correct an error in the minutes. The Court finds this entry excessive and reduces it to .10 of an hour.

> *2. Entries between 10/26/2010 and 11/1/2010 claiming 2.4 hours spent in preparation of motion requesting leave to refrain from filing certified translations*

Plaintiffs' counsel posits that he spent a total of 2.4 hours drafting a motion for miscellaneous relief that is two pages in length. The Court finds this to be excessive and reduces the time to .70 of an hour for the drafting of this motion, which according to the invoice was drafted in cooperation with Defendants.

> *3. Entries between 11/1/2010 and 11/3/2010 stating that .60 hours were spent on activities related to verifying whether the Department of Education had delivered owed equipment*

The Court is dubious about the fact that it took Plaintiffs' counsel .60 hours to verify that the Department of Education provided the chairs needed by Alondra Roman Hernandez. As such, the Court reduces the time to .30 hours.

> *4. Entries on 11/10/2010 claiming a total of .50 hours on activities related to confirming whether Plaintiffs had received checks from the Department of Education*

The Court is also dubious that Plaintiffs' counsel spent .50 hours on activities acknowledging the receipt of checks issued by the Department of Education. Therefore, the Court finds it appropriate to reduce the claimed time to .20.

> *5. Entry on 11/16/2010 for .20 hours spent on a telephone conference with client*

CIV. NO. 10-1645 (PG) Page 14

Plaintiff's counsel states that he spent .20 hours discussing the case with his client.  The purpose of this conversation is unclear from the documentation provided.  Therefore, the Court finds it appropriate to eliminate this time-entry in its entirety due to the lack of specifity.

*6. Entries between 11/17/2010 and 11/19/2010 related to multiple drafts of opposition to Defendants' memorandum of law*

Plaintiffs' counsel seeks costs for an excessive amount of copies as he is pursuing printing costs for 43 pages and his motion was only 15 pages long.  The Court is dubious and is only willing to allow costs for 30 pages.

In summary, the Court finds it appropriate to reduce Plaintiffs' final invoice by $352.95.  The Court **GRANTS** Plaintiffs' request for continuing legal costs in the amount of $1,887.30.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for attorney's fees.  The Court awards Plaintiffs' attorney's fees in the total amount of $17,052.75.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 10, 2011.


                              S/ JUAN M. PEREZ-GIMENEZ
                              JUAN M. PEREZ-GIMENEZ
                              U.S. DISTRICT JUDGE.